FEBRUARY TERM, 1901. 175

*37 Vroom.* People's Invest. Co. v. State Board of Ass'rs.

PEOPLE'S INVESTMENT COMPANY, PROSECUTOR, v. THE STATE BOARD OF ASSESSORS.

Argued November 13, 1900—Decided February 25, 1901.

1. The act of April 18th, 1884, as amended by the act of March 17th, 1892 (*Pamph. L., p.* 137), imposing a franchise tax upon corporations, makes capital stock issued and outstanding the only basis for calculating the tax.
2. No penalty is provided for failure to make the return required by the act, and, in the absence of such return, the franchise tax cannot be ascertained by using capital stock authorized as a basis for calculation.
3. The act of 1897 (*Pamph. L., p.* 178), authorizing a petition to the state board of assessors for a review of the assessment does not prevent this court from exercising its supervisory power over special tribunals by *certiorari.*

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Thomas N. McCarter, Jr.*

For the defendants, *Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

GARRETSON, J. The prosecutor was incorporated in January, 1898, with an authorized capital stock of $2,500,000. In March, 1899, the state board of assessors caused to be mailed to the prosecutor a blank form for a return under section 4 of "An act to provide for the imposition of state taxes upon certain corporations and for the collection thereof," approved April 18th, 1884, as amended by act of March 17th, 1892. *Pamph. L., p.* 137.

This form of return required, among other things, a statement of the amount of capital stock issued.

The prosecutor failed to make this return, and the state board of assessors proceeded to levy the annual license fee,

or franchise tax, for the year 1899 upon the basis of the authorized capital stock, viz., $2,500,000.

The law requires that the corporation shall pay an annual license fee, or franchise tax, of one-tenth of one per centum on all amounts of capital stock issued and outstanding.

The amount of the capital stock of the prosecutor actually issued and outstanding at the time the tax was levied was $50,000.

In the cases of *Newark Brass Works* v. *State Board of Assessors*, 34 *Vroom* 500, and *New Jersey Zinc Co.* v. *Hancock, Id.* 506, this court set aside franchise taxes which had been levied by the state board of assessors under the same act, and in those cases the right to make the levy was placed upon the same ground as in this case, that the corporation had failed to make an annual return as required by the statute.

In those cases it was clearly established that the corporations were exempt from the payment of any taxes under that act, being manufacturing and mining companies of whose capital stock at least fifty per cent. was invested in mining or manufacturing carried on within this state.

In this case it is equally clear that only $50,000 of capital stock was subject to taxation, being the whole amount that was issued and outstanding, and that was the amount which, by the law, was to furnish the basis for calculating the tax. The law does not provide any penalty for failure to make the return required, and there is nothing authorizing the levy of any franchise tax other than that upon capital stock actually issued and outstanding.

It is claimed, however, upon the part of the state board of assessors, that the only remedy of the prosecutor is by appeal, under *Pamph. L.* 1897, *p.* 178, *ch.* 89. This act provides for an application to the state board of assessors by any corporation deeming its tax excessive or unjust for a review of the assessment and a readjustment of the tax; this application must be by a petition, filed within three months from the date of the assessment, and the state board proceeds to investigate and adjust the tax as, in their opinion, shall seem proper. The second section of the act provides

that if the petition of appeal is not filed within three months from the date of the assessment the right to appeal to the state board shall be considered and treated as having been waived, and the amount of tax levied shall be payable and collected as other taxes levied by said board.

There is nothing in this act which, in express terms, attempts to prevent the corporation from reviewing the action of the state board by *certiorari*. The only claim is that the method of review provided excludes all others.

In the case of *Traphagen* v. *West Hoboken,* 10 *Vroom* 232, this court held that the legislature could not prevent the use of the writ of *certiorari* to review the erroneous proceedings of an inferior tribunal which failed to pursue the provisions of a legislative grant and to keep within it. *S. C.,* 11 *Id.* 193, affirmed on error. In *Newark* v. *Sayre,* 12 *Id.* 158, it was held that a power given to the Circuit Court to confirm the report of commissioners and making the report so confirmed final and conclusive did not deprive this court of its supervisory power, by *certiorari,* to restrain special tribunals within their lawful limits. In both the cases of Newark Brass Works *v.* State Board of Assessors and New Jersey Zinc Co. *v.* Comptroller the tax was levied after the passage of the act of 1897, but in neither was it suggested that the appeal therein provided prevented this court from reviewing the proceedings of the state board by *certiorari*.

The tax should be set aside, except as to one-tenth of one per cent. on $50,000, the amount of stock issued and outstanding, that is, $50, without costs to the prosecutor.